DUANE BEATY
REG. NO. 55887-054
FCI Talladega
FEDERAL CORR. INSTITUTION
P.M.B 1000
TALLADEGA, AL 35160

March 27 2026

Ms. Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals
for the Second Circuit
40 Foley Square
New York, New York 10007

     RE:   *Beaty v. United States*
           USCA No. 24-2674
           Civil No. 1:15-cv-08637-LAK
           Crim No. 1:03-cr-01364-LAK-2

Dear Ms. Wolfe:

    Enclosed please find and accept for immediate filing Reply Brief for Petitioner-Appellant. Petitioner-Appellant has just become aware of the Government's Response Brief from an outside source who has Pacer. The Government failed to serve me with a copy of their brief. Please submit this Reply to the Court.

    Thank you for your assistance in this matter.

                    Sincerely,

                    DUANE BEATY
                    Appearing *Pro Se*

*Encl. as noted*

Duane E. Beay. 55889-054
Federal Correctional Institution
PmB 1000
TALLADEGA, AL 35160



"LEGAL"
MAIL

RECEIVED

APR 3 1 2026

FCI TALLADEGA
MAIL ROOM

Ms. CATHERINE
CLERK OF
U.S. COURT OF
FOR THE SECON
40 FOLEY
NEW YORK, NE

United States Court of Appeals
FOR THE
SECOND CIRCUIT

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                No. 24-2674

DUANE BEATY,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of New York, Foley Square Division
Criminal No. 1:03-cr-01364-LAK-2 / Civil No. 1:23-cv-06011-LAK
The Honorable Lewis A. Kaplan, U.S. District Judge

---

## REPLY BRIEF FOR DEFENDANT-APPELLANT

---

DUANE BEATY
REG. NO. 55887-054
FCI Talladega
FEDERAL CORR. INSTITUTION
P.M.B 1000
TALLADEGA, AL   35160
Appearing *Pro Se*

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    **I.**    **The Government Does Not Defend the Merits of Counts Three and Four Because It Cannot**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    **II.**   **The District Court Abused Its Discretion in Applying the Concurrent Sentence Doctrine** . . . . . . . . . . . . . . . . . . . . . . . 4

    **III.**  **The Government's Alternative Grounds for Affirmance Do Not Save the Judgment**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## PRELIMINARY STATEMENT

The Government's brief confirms two things:

First, the Government does not and cannot defend the continued validity of Counts Three and Four on the merits. By the Government's own account, both counts were expressly predicated on Hobbs Act robbery conspiracy and attempted Hobbs Act robbery. After *United States v. Davis*, 588 U.S. 445 (2019), Hobbs Act conspiracy is not a valid § 924(c) predicate, and after *United States v. Taylor*, 596 U.S. 845 (2022), attempted Hobbs Act robbery is not a valid § 924(c) predicate either. Counts Three and Four therefore rest on no valid crime of violence.

Second, because the Government cannot defend the merits of Counts Three and Four, it asks this Court not to decide them. It urges affirmance based on Count Six and on the concurrent sentence doctrine. But that doctrine is discretionary, not mandatory, and it does not permit a court to leave concededly defective convictions in place where those convictions carry real and continuing collateral consequences. That is particularly true here, where Beaty stands convicted not merely of redundant counts, but of an additional consecutive life sentence on Count Three and a separate firearm-homicide conviction on Count Four.

Beaty recognizes that the Government relies heavily on this Court's decisions concerning § 846 and the concurrent sentence doctrine. But even if this Court

1

concludes that Count Six remains valid, that does not justify declining to correct the independent constitutional defect infecting Counts Three and Four. Because those convictions are invalid after *Davis* and *Taylor*, and because leaving them in place produces meaningful adverse consequences, the Court should reverse the order below insofar as it declined to reach those counts and remand with instructions to vacate Counts Three and Four and resentence.

As in his opening brief, Beaty respectfully requests that his *pro se* filing be liberally construed. See *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## ARGUMENT

### I. The Government Does Not Defend the Merits of Counts Three and Four Because It Cannot.

The Government's own statement of the case establishes the dispositive point. It acknowledges that Count Three and Count Four were each predicated on two purported crimes of violence: Count One (Hobbs Act robbery conspiracy) and Count Two (attempted Hobbs Act robbery). That is the whole predicate structure. There was no third predicate and no fallback basis. Once those two predicates fail, Counts Three and Four fail with them. That is exactly what happened after Beaty's convictions became final.

2

In *United States v. Davis*, the Supreme Court held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. 588 U.S. at 463. After *Davis*, Hobbs Act conspiracy cannot serve as a valid § 924(c) predicate. Then, in *United States v. Taylor*, the Supreme Court held that attempted Hobbs Act robbery also does not qualify under § 924(c)(3)(A)'s elements clause. 596 U.S. at 860.

The Government does not attempt to argue otherwise. It does not claim that Hobbs Act conspiracy remains valid. It does not claim that attempted Hobbs Act robbery remains valid. And it does not dispute that Counts Three and Four were predicated only on those two offenses. Instead, it sidesteps the merits and asks this Court to avoid them.

That silence is telling. It reflects the reality that, on the merits, Beaty is correct as to Counts Three and Four. The district court's earlier 2021 rationale—that attempted Hobbs Act robbery remained a valid predicate—cannot survive *Taylor*. The legal premise that once sustained Count Three has been superseded. And because Count Four was predicated the same way, it too cannot stand.

At minimum, the Government's failure to defend the merits of Counts Three and Four underscores why this Court should reach those counts now rather than leaving plainly defective convictions intact.

## II. The District Court Abused Its Discretion in Applying the Concurrent Sentence Doctrine.

The Government's principal fallback argument is that, even if Counts Three and Four are invalid, the district court acted within its discretion by declining to consider them under the concurrent sentence doctrine because Beaty remains subject to a life sentence on Count Six. That argument fails for three independent reasons.

### A. The Concurrent Sentence Doctrine Is Discretionary and must Yield Where Adverse Collateral Consequences Are Real, Not Imaginary.

This Court has explained that the concurrent sentence doctrine is a rule of judicial convenience, not a license to leave unconstitutional convictions untouched whenever a prisoner is serving another long sentence. See *Kassir v. United States*, 3 F.4th 556, 561, 569 (2d Cir. 2021). The doctrine permits a court to decline review only when two conditions are satisfied: the challenge will not reduce the time the prisoner must remain in custody, and the unreviewed conviction will not produce additional adverse collateral consequences. See *Al-'Owhali v. United States*, 36 F.4th 461, 467-68 (2d Cir. 2022); *United States v. Vargas*, 615 F.2d 952, 960 (2d Cir. 1980). That standard is not met here.

Counts Three and Four are not trivial appendages. Count Three carries a separate consecutive life sentence. Count Four is a distinct

4

death-through-use-of-a-firearm conviction. Vacatur of those convictions would remove not only additional counts of conviction, but an additional life sentence and a separate homicide-related firearm judgment. Those consequences are concrete. They are not "speculative" in any ordinary sense of that word.

Indeed, the Government's effort to characterize these consequences as immaterial proves too much. If an extra consecutive life sentence and an additional firearm-homicide conviction are not serious collateral consequences, it is difficult to imagine what would be. The doctrine exists to avoid pointless adjudication where the result could not matter. This case is the opposite. Leaving Counts Three and Four in place materially worsens the judgment against Beaty.

B.    This Case Is Unlike *Kassir* and Al-'Owhali Because the Challenged Counts Here Carry Distinct and Serious Consequences.

The Government relies chiefly on *Kassir* and Al-'*Owhali*, but those cases do not compel affirmance.

In *Kassir*, the Court emphasized the absence of any realistic prospect that the challenged conviction would affect the prisoner's custody or produce meaningful additional consequences beyond those already flowing from the unchallenged life sentences. 3 F.4th at 569-70. In *Al-'Owhali*, the Court likewise rejected highly

speculative consequences that would not, on the facts there, meaningfully alter the petitioner's position. 36 F.4th at 468.

Here, by contrast, Beaty challenges convictions that themselves carry grave legal weight. Count Three is not just another count; it is an additional consecutive life sentence. Count Four is not just another firearms count; it is a separate conviction for causing death through use of a firearm during a crime of violence. Those convictions worsen the legal and practical posture of the case in ways that are neither remote nor fanciful.

They matter for at least three reasons:

First, they intensify the formal judgment against Beaty by adding an additional life sentence and a firearm-homicide conviction.

Second, they carry serious practical consequences for prison classification, institutional decision-making, and clemency review. The Government dismisses these consequences as speculative, but that is not a realistic characterization of how BOP and executive clemency authorities treat firearm and homicide convictions. Vacatur of Counts Three and Four would change the offense profile reflected in the judgment.

Third, they matter in any future sentencing or post-conviction proceedings. Even if Beaty remains imprisoned today because of Count Six, the continued presence of Counts Three and Four on the judgment distorts every future assessment

of his case. And unlike the purely hypothetical scenarios rejected in prior cases, that concern is especially acute here because Count Six itself is being challenged in the same proceeding. The district court used one challenged conviction to avoid reaching two others. That sequencing illustrates why application of the doctrine here was premature and inequitable.

C.    <u>Judicial Economy Favors Reaching the Merits Now, Not Postponing an Issue Whose Answer Is Already Clear.</u>

The Government invokes judicial convenience, but convenience cuts the other way in this case.

The merits of Counts Three and Four are now straightforward. The Government does not defend them. This Court already knows the predicates: Hobbs Act conspiracy and attempted Hobbs Act robbery. This Court also knows the governing law: *Davis* and *Taylor*. There is little to be gained by refusing to resolve an issue whose answer is already clear and whose postponement only guarantees more litigation later.

Moreover, the district court's approach creates a perverse result: a prisoner whose convictions are constitutionally invalid cannot obtain relief because another challenged conviction remains in place, even though the legal validity of that conviction is also being litigated. The concurrent sentence doctrine should not be

7

transformed into a vehicle for avoiding correction of acknowledged legal error.

At minimum, the proper course was to decide the merits of Counts Three and Four first and then determine whether any further relief was necessary. The district court did the opposite, and in so doing abused its discretion.

III.  **The Government's Alternative Grounds for Affirmance Do Not Save the Judgment.**

The Government offers two additional grounds for affirmance: that Beaty's challenge to Count Six fails on the merits, and that Count Six is independently barred under § 2255(h) or not cognizable because Beaty cannot show a right to immediate release. Neither argument justifies affirmance of the judgment under review.

A.  Even if Count Six remains valid, that does not justify leaving Counts Three and Four intact.

To begin, even if this Court agrees with the Government that Count Six remains valid under this Court's precedent interpreting § 924(c)(2), that would not resolve the appeal. The district court's judgment did more than reject Count Six; it declined to reach Counts Three and Four. The question whether that exercise of discretion was proper is separate from the merits of Count Six.

And on that separate question, the Government's brief fails to answer the core problem: Counts Three and Four are invalid after *Davis* and *Taylor*, and leaving them in place has consequences. A valid Count Six does not erase those consequences.

8

**B.** **The Government's § 2255(h) and Cognizability Arguments Are Not a Proper Basis to Affirm.**

The Government also argues that Count Six is barred because it does not rely on newly discovered evidence or a new retroactive constitutional rule, and further suggests that Beaty's motion is not cognizable because he does not claim an immediate right to release. Those arguments do not support affirmance here.

First, this Court already authorized Beaty to file a successive § 2255 motion and transferred the matter to the district court. While that authorization does not preordain the merits, it undermines the Government's effort to convert this appeal into a threshold rejection under § 2255(h), especially where the district court itself chose to decide Count Six on the merits rather than dismiss it on that basis.

Second, the Government's cognizability theory is far too broad. A prisoner need not show that success on one claim will produce immediate release tomorrow in order to seek relief under § 2255 from unlawful convictions and consecutive life sentences. Beaty challenges convictions that add punishment, aggravate the judgment, and independently affect his legal status. That is a challenge to custody in every practical and legal sense relevant here.

Third, even if this Court views Count Six as foreclosed by current Second Circuit precedent, that still would not justify affirming the refusal to decide Counts

Three and Four. Because those counts independently fail under *Davis* and *Taylor*, the Court should not use uncertainty or disagreement over Count Six as a reason to leave plainly invalid convictions untouched.

### C.     Beaty Preserves His Count Six Argument for Further Review.

Beaty recognizes that the Government relies on *United States v. Davis*, 122 F.4th 71 (2d Cir. 2024), and *United States v. Tabb*, 949 F.3d 81 (2d Cir. 2020), to argue that a § 846 conspiracy qualifies as a "drug trafficking crime" under § 924(c). Beaty respectfully preserves his contrary position for further review. But he need not prevail on Count Six to obtain meaningful relief in this appeal. The Court can and should vacate Counts Three and Four even if it concludes that Count Six remains valid. That narrower relief would still correct a serious constitutional defect, eliminate an additional consecutive life sentence, remove a separate firearm-homicide conviction, and require entry of a corrected judgment.

### CONCLUSION

For the foregoing reasons, the Court should reverse the district court's order insofar as it declined to consider Beaty's challenges to Counts Three and Four under the concurrent sentence doctrine, vacate Counts Three and Four, and remand for further proceedings, including resentencing as appropriate. The Court should also grant such further relief as may be just and proper.

Respectfully submitted,

Dated: March 27 2026

*Duane E. Beaty*

DUANE BEATY
REG. NO. 55887-054
FCI Talladega
FEDERAL CORR. INSTITUTION
P.M.B 1000
TALLADEGA, AL   35160
Appearing *Pro Se*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App.  P. 32 (a)(7)(C), and Second Circuit Rule 32(g)(1), I certify that the attached Reply Brief for Petitioner-Appellant is proportionately spaced, has a typeface of 14 points or more, and contains **2113** words.

Dated: March 27, 2026

*Duane E. Beaty*

DUANE BEATY

## CERTIFICATE OF SERVICE

I hereby certify that on March __, 2026, I sent via U. S. Mail, postage prepaid, a true and correct copy of the Reply Brief for Petitioner-Appellant to James Mandilk, at DOJ - U.S. Attorney's Office, One Saint Andrews Plaza, New York, NY 10007.

*Duane E. Beaty*

DUANE BEATY

11

Duane E. Beay 55881-054
Federal correctional Institution
Talladega PMB 1000
Talladega, AL 35160


USDC SDNY 4th

"LEGAL MAIL"

**RECEIVED**

APR 3 1 2026

FCI TALLADEGA
MAIL ROOM

Ms. CATHERINE
CLERK OF
U.S. COURT OF
FOR THE SECON
40 FOLEY
NEW YORK, NE

Respectfully submitted,

Dated: May 5, 2026

DUANE BEATY
REG. NO. 55887-054
USP VICTORVILLE
U.S. PENITENTIARY
P.O. BOX 3900
ADELANTO, CA 92301
Appearing *Pro Se*

## CERTIFICATE OF SERVICE

I, Duane Beaty, hereby certify under penalty of perjury that on May __, 2026, I sent via U. S. Mail, postage prepaid, a true and correct copy of the Motion for Leave to File Late Reply Brief to the following parties:

James Mandilk
DOJ - U.S. Attorney's Office,
One Saint Andrews Plaza,
New York, NY 10007

Nathan Rehn
U.S. Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

DUANE BEATY

4